■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HERBERT LONDON, Appellant, against MARGERY LONDON, Respondent.— Order in habeas corpus proceeding granting respondent's application to remove infant children from the State unanimously reversed, on the law and in the exercise of discretion, without costs to either party, and the application held in abeyance pending hearing, and the matter remanded to Special Term, Part XII, for the purpose of conducting a hearing, and determining the application. In view of the conflicting affidavits with respect to the motivation for the intended removal of the children, the effect upon them of removal to a great distance from their father, the effect upon them of an interruption in their present schooling, and the character of the mother's planned residence and employment in Virginia and Washington, D. C., the matter may not be disposed of without the benefit of a hearing. As both parties agree, the paramount concern is the children's welfare, and on this record that could not be determined summarily. Because the mother is the custodian of the children and the father has rights of visitation, it does not mean that she is deprived of all freedom to make reasonable adjustments for herself, within the area of practical opportunities which may offer. On the other hand, in view of the good relationship between the father and the children it is a serious matter to disrupt that relationship unless it is quite clear that the mother is not removing them as a result of some caprice or folly, and that the proposed removal is supported by considerations of practicality and is consistent with the children's welfare. Upon a hearing closest inquiry is required to make certain that neither parent is utilizing the children, nor their disposition, as a means of satisfying some purpose irrelevant to their welfare. Settle order. Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.

■ NEIL ROSENSTEIN, Appellant, v. SELMA ROTHENBERG, Respondent.— The order and judgment appealed from are reversed on the facts and in the exercise of discretion, without costs to either party, and the motion to dismiss denied upon the condition that a note of issue be filed immediately for the next succeeding term of court. This action, commenced in 1957, should have been concluded and its speedy termination now becomes imperative particularly in view of the existing attachment. The leisurely pace of the proceedings to date as exemplified by the conduct of counsel in pretrial proceedings persuades us there was no unreasonable neglect to prosecute (Civ. Prac. Act, § 181) nor any abandonment of the action. Also, Special Term indicated possible merit to the claim. Ample opportunity having been afforded the parties for steps preliminary to the trial, and pretrial proceedings having been concluded, further delay of course would be inexcusable. Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.